<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-2390**

———————

DAVID GONZALEZ,

                                    Plaintiff - Appellant,

         versus

CITY OF ALEXANDRIA,

                                    Defendant - Appellee.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Leonie M. Brinkema, District
Judge.  (CA-04-159)

———————

Submitted:  May 27, 2005              Decided:  June 9, 2005

———————

Before LUTTIG, WILLIAMS, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Orva Lee Boothby, LAW OFFICE OF LEE BOOTHBY, Washington, D.C., for
Appellant.   David Edward Constine, III, Mary Leslie Parpart,
TROUTMAN SANDERS, LLP, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

David Gonzalez appeals the district court's order granting summary judgment to his employer on his retaliation claim under Title VII of the Civil Rights Act of 1964. This court reviews a grant of summary judgment de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1998). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). This court must view the evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence.'" Thompson v. Potomac Electric Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (quoting Phillips v. CSX Transp. Inc., 190 F.3d 285, 287 (4th Cir. 1999).

To prove a prima facie case of retaliation, a plaintiff must demonstrate that (1) he engaged in a protected activity; (2) the employer took an adverse employment action against him; and (3) a causal connection existed between the protected activity and the asserted adverse action. Von Gunten v. Maryland, 243 F.3d 858, 863 (4th Cir. 2001). Once the plaintiff establishes the elements of a prima facie case, the burden shifts to the employer to proffer evidence of a legitimate, nondiscriminatory reason for taking the

adverse employment action.  See Matvia v. Bald Head Island Mgmt., Inc., 259 F.3d 261, 270 (4th Cir. 2001).  If the employer carries its burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered were pretextual.  Id.

Here, the district court found that Gonzalez did not demonstrate a prima facie case of retaliation.  Moreover, it held that even had Gonzalez demonstrated a prima facie case, there was "overwhelming evidence" that the employer provided a legitimate, nondiscriminatory reason for his termination from employment that was not pretextual.  We have thoroughly reviewed the parties' briefs, the joint appendix, and the transcripts of the motion hearing, and find no reversible error.  See Gonzalez v. City of Alexandria Dept of Human Servs., No. CA-04-159 (E.D. Va. Oct. 1, 2004).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED